IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                              ORDER

      v.                                 06-CR-201-bbc-01

BRANDON WALLER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brandon Waller's supervised release was held on August 30, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 23, 2007, following his conviction for distribution of cocaine base (crack cocaine), a Schedule II

controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months, with a 36-month term of supervised release to follow. On March 11, 2008, acting on a motion by the defendant for a reduction under 18 U.S.C. § 3582(c)(2), I reduced the term of imprisonment from 60 months to 46 months. I affirmed the 36-month term of supervised release to follow the term of imprisonment.

Defendant began his term of supervised release on December 23, 2009. On June 14, 2010, he violated Standard Condition No. 6, requiring him to notify the probation office within 72 hours of any changes in his residence or employment, when he failed to notify the probation office that he was no longer employed at Target Superstore in Madison, Wisconsin. On July 20, 2010, he violated Standard Condition No. 3, requiring him to answer truthfully all inquiries and follow all the instructions of the probation officer, when he told his probation officer he was still employed at Target Superstores when he had actually been terminated more than a month earlier. On June 4, 2010, he violated Standard Condition No.11, requiring him to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer, when he was questioned by a City of Fitchburg police officer and failed to report this contact to his probation officer. On July 13, 2010, he violated Standard Condition No. 7 and Special Condition No. 4, requiring him to abstain from the purchase, possession, use, distribution or administration of illegal drugs and

abstain from associations with drug users and sellers, when he tested positive for marijuana.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3)(B) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on March 23, 2007, will be revoked.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline range of imprisonment of three to nine months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at top of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

3

*ORDER*

IT IS ORDERED that the period of supervised release imposed on defendant on March 23, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. A 24-month term of supervised release shall follow the term of imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

Special Condition No. 5: "Spend up to 90 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Defendant is to be registered with local law enforcement agencies and the state attorney general before release from confinement.

4

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 30th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge