IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                ORDER

      v.                                               06-cr-201-bbc-1

BRANDON WALLER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Brandon Waller's supervised release was held on October 31, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 23, 2007, following his conviction for distribution of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony.

Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months, with a 36-month term of supervised release to follow. On March 11, 2008, pursuant to a motion by the defendant for a reduction under 18 U.S.C. § 3582(c)(2), the term of imprisonment was reduced from 60 months to 46 months. The 36-month term of supervised release to follow imprisonment was affirmed.

Defendant began his original term of supervised release on December 23, 2009. On August 30, 2010, his term of supervised release was revoked after he failed to notify the probation office within 72 hours of his loss of employment and then told his probation officer he was still employed, failed to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer, and submitted a urine specimen that tested positive for marijuana. Defendant was sentenced to a nine-month term of incarceration to be followed by a 24-month term of supervised release. All standard and special conditions of supervised release previously imposed were ordered to remain in effect, with the addition of Special Condition No. 5 requiring defendant to spend up to 90 days of supervised release in a residential reentry center.

Defendant began his second term of supervised release on May 8, 2011. He violated Standard Condition No. 2, requiring him to submit a truthful and complete written report within the first five days of each month, when he failed to submit a written monthly report for September 2012. He violated Standard Condition No. 6, requiring him to notify the

probation officer within 72 hours of any change in residence, when he failed to notify the probation officer where he was living after his release from state custody. On September 11, 2012, September 18, 2012 and October 4, 2012, defendant violated Special Condition No. 4, requiring him to submit to random drug testing, when he failed to report for random drug tests.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2)(B) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With Grade C violations, he has an advisory guideline term of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because this offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Brandon Waller on August 30, 2010, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months, with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 31st day of October, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. District Judge

4